**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Breda, a Limited Liability Company,<br><br>                    Debtor | Chapter 11<br>Case No. 18-10140 |
| Breda, a Limited Liability Company,<br><br>                    Plaintiff<br>     v.<br><br>Jovita Carranza, in her capacity as<br>Administrator for the<br>U.S. Small Business Administration,<br><br>                    Defendant | Adv. Proc. No. 20-1008 |

**ORDER DENYING PLAINTIFF'S REQUEST**
**FOR TEMPORARY RESTRAINING ORDER**

A fair judicial system, one that commands the respect of the public, is built on the bedrock principle "that like cases should be decided alike." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). Although the Court recently granted preliminary injunctive relief in two other cases involving identical questions of law and similar facts, there are differences in this case that warrant a different outcome.

Less than one month ago—and after the COVID-19 pandemic had erupted—the Plaintiff sought approval of a disclosure statement describing its chapter 11 plan. The disclosure statement acknowledged the difficulties caused by COVID-19, but assured creditors that the plan was nevertheless feasible: "The [Plaintiff] continues to project a financially viable business that will maintain operations while meeting payment obligations under the Plan." [Dkt. No. 117, at

p. 5.] Admittedly, the Plaintiff also described a general effort to obtain assistance in the face of the public health crisis. But nothing in the disclosure statement stated, or even suggested, that the Plaintiff was likely to suffer immediate and irreparable harm in the form of a cessation of business if the Plaintiff was denied access to the Paycheck Protection Program (the "PPP") or any other source of financial assistance. In a section entitled "Feasibility of the Plan," the Plaintiff pointed to projections—the same projections supporting the Plaintiff's request for a TRO—and asserted that the "Plan is feasible" and "not likely to be followed by the liquidation of the [Plaintiff] or the need for further financial reorganization." Id. at p. 16. These projections show that the Plaintiff expects to have cash of negative $165,066 on July 1, 2020. Quite obviously, any projection that depicts a negative amount of cash is cause for some concern. But the projection shows the Plaintiff's forecasted ability to weather the storm after July 2020 and into 2022, even without receipt of funds under the PPP.

What of the Plaintiff's prospects between May 8, 2020 (when the Court heard the TRO motion) and July 1, 2020? The record is devoid of any showing of what the projected receipts and disbursements might look like during that period. As to this question, the Plaintiff's verified complaint recites only that the Plaintiff "will run out of money to pay operating expenses in the near term" without access to the PPP or some other source of funds and that, if that occurs, it will be forced to close. See [Adv. Proc. Dkt. No. 1, at ¶¶ 40, 42]. On this record, the Court simply does not have enough information to determine whether developments after April 16, 2020—namely, the issuance of an Executive Order by the Governor of the State of Maine on April 29, 2020—seriously impaired the Plaintiff's financial trajectory.

At the hearing on the request for a TRO, the Defendant suggested that the Plaintiff should be estopped from asserting that failure to access the PPP would result in immediate and

irreparable harm. Although the Court is not prepared to make a finding or conclusion based on estoppel, the Plaintiff's statements in mid-April about the prospect of a viable restructuring undermine its current claim of immediate and irreparable harm. Fundamentally, this plaintiff has not made a sufficient showing on this aspect of the four-part test for preliminary injunctive relief in light of its relative showings on the other three parts of the test. *See* Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (identifying the four factors the court weighs in determining whether injunctive relief should be granted, and clarifying that the party seeking such relief "bears the burden of establishing that these four factors weigh in its favor").

The Plaintiff's request for a temporary restraining order is hereby DENIED. The Court will hold a telephonic status conference in this proceeding at 10:30 a.m. on Friday, May 15, 2020 to determine the course of future proceedings. At the status conference, the Plaintiff's counsel should be prepared to indicate whether the Plaintiff intends to press its request for a preliminary injunction. The parties should also be prepared to address whether, in connection with a trial on the merits, an award of money damages could provide an adequate remedy at law.

Date: May 11, 2020

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

3