## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Breda, a Limited Liability Company,<br><br>　　　　　　　Debtor | Chapter 11<br>Case No. 18-10140 |
| Breda, a Limited Liability Company,<br><br>　　　　　　　Plaintiff<br>　v.<br><br>Jovita Carranza, in her capacity as Administrator for the<br>United States Small Business Administration,<br><br>　　　　　　　Defendant | Adv. Proc. No. 20-1008 |

### PROPOSED FINDINGS AND CONCLUSIONS

The Plaintiff has filed a four-count complaint, seeking various forms of relief predicated

on two substantive legal claims: a claim that the Defendant violated 11 U.S.C. § 525 and a claim

that the Defendant ran afoul of the Administrative Procedure Act (the "APA").  Because the

Plaintiff's APA claim is not a core proceeding and the SBA has not consented to this Court's

adjudication of that claim, the Court is constrained to submit proposed findings and conclusions

to the district court on that claim.  *See* 28 U.S.C. § 157(c).  In order to minimize unnecessary

procedural complexity, the Court submits proposed findings and conclusions with respect to the

complaint in its entirety.  *See generally* Fed. R. Civ. P. 41(b) (providing, subject to certain

exceptions not relevant here, that an involuntary dismissal "operates as an adjudication on the

merits").

The Defendant's Motion to Dismiss [Dkt. No. 39] should be granted because the

Plaintiff's complaint does not contain factual allegations that, if credited, articulate claims upon

which relief can be granted.  *See* Penobscot Valley Hosp. v. Carranza (In re Penobscot Valley

Hosp.), 2020 WL 3032939 (Bankr. D. Me. June 3, 2020) (proposing that the district court

conclude that the defendant did not violate section 525 or the APA by engaging in the same

conduct as that alleged here).  Dismissal is warranted here not because the Plaintiff has failed to

allege facts necessary to support an essential element of its claims, but because the facts alleged,

even when viewed in the light most favorable to the Plaintiff, do not permit an inference that the

Defendant is liable for the misconduct alleged.  *Cf.* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The

Plaintiff's complaint should be dismissed with prejudice—even though amendment might

ordinarily be permitted under Fed. R. Civ. P. 15(a)(2)—because the Plaintiff has not requested

the opportunity to amend, and because additional factual allegations would not repair the holes in

the Plaintiff's substantive case.  *See* Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st

Cir. 1994) ("[A] plaintiff's time to amend his or her complaint as a matter of right within the

First Circuit terminates upon a district court's dismissal of the complaint."); *see also* U.S. ex. rel.

Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 242 (1st Cir. 2004) ("Absent exceptional

circumstances, a district court has no obligation to invite a plaintiff to amend his or her

complaint when the plaintiff has not sought such amendment."), *abrogated on other grounds by*

Allison Engine Co. v. U.S. ex. rel. Sanders, 553 U.S. 662 (2008).

The Clerk is directed to serve a copy of these proposed findings and conclusions on the

parties by mail and note the date of the mailing on the docket.  *See* Fed. R. Bankr. P. 9033(a).


Date: June 22, 2020                                    _____

                                                       Michael A. Fagone
                                                       United States Bankruptcy Judge
                                                       District of Maine